**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerome Franklin, Jr., | ) |
| Petitioner, | ) No. CV-09-1339-PHX-PGR (MHB) |
| vs. | ) |
| Charles L. Ryan, et al., | ) ORDER |
| Respondents. | ) |

Having reviewed *de novo* the Report and Recommendation of Magistrate Judge Burns (doc. #12) in light of Petitioner's Reply and Objection to the Magistrate[']s Report and Recommendation (doc. #13), the Court finds that the Magistrate Judge correctly concluded the petitioner's habeas petition, filed with the Court on June 22, 2009[1] pursuant to 28 U.S.C. § 2254, must be dismissed with prejudice because it was filed years after the expiration of the one-year limitations period mandated by the AEDPA.

Because the petitioner's conviction became final in 1994, which was prior to the enactment of the AEDPA on April 24, 1996, the petitioner had until April 24,

---

[1] The petitioner declares in his § 2254 petition that the petition was placed in the prison mailing system on April 18, 2009.

1997 in which to file his § 2254 petition, absent tolling.[2] The Court rejects the petitioner's argument in his objections to the Report and Recommendation that the AEDPA's one-year limitations period should be equitably tolled inasmuch as the petitioner has failed to establish that he pursued his rights diligently and that some extraordinary circumstance beyond his control prevented him from timely filing his § 2254 petition.[3] While the petitioner asserts in effect that he was prevented from timely filing his petition due to the Arizona Department of Correction's failure to provide basic legal resource materials for the pursuit of post-conviction relief, including AEDPA-related materials, he has not sufficiently established that he properly pursued his post-conviction relief remedies during the relevant time period. Therefore,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation (doc. #12) is accepted and adopted by the Court to the extent set forth herein.

IT IS FURTHER ORDERED that the petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody is denied as time-barred and that this action is dismissed with prejudice. The Clerk of the Court shall enter judgment accordingly.

IT IS FURTHER ORDERED that a certificate of appealability shall not

---

[2] The Court disagrees with the Magistrate Judge's statement in the Report and Recommendation that the AEDPA's limitations period expired on January 25, 1995. That disagreement, however, does not change the correctness of the Magistrate Judge's determination that the petition is time-barred.

[3] There can be no statutory tolling of the AEDPA's limitations period because the one petition for post-conviction relief that the petitioner filed in state court on October 15, 2007 was untimely under Arizona law and was filed after the expiration of the AEDPA's limitations period.

issue.

DATED this 14th day of December, 2009.

                                    Paul G. Rosenblatt
                                    United States District Judge